UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++

**Ahmed Hall,**

                               **Petitioner,**

                -v-                                       9:10-CV-130 (NAM/ATB)

**David Rock,**

                               **Respondent.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Ahmed Hall, 95-B-1538
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Petitioner, *pro se*

Office of the New York State Attorney General
Thomas B. Litsky, Assistant Attorney General
120 Broadway
New York, New York 10271
Attorney for Respondent

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

After a jury trial, petitioner was convicted of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree. *See People v. Hall*, 861 N.Y.S.2d 889 (4th Dep't 2008), *leave to appeal denied* 11 N.Y.3d 855 (2008). Petitioner, who is currently an inmate in the custody of the New York State Department of Correctional Services, brought this proceeding for *habeas corpus* under 28 U.S.C. § 2254. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4, United States Magistrate Judge Andrew T. Baxter

issued an excellent Report and Recommendation (Dkt. No. 17) recommending that the petition be dismissed and a certificate of appealability denied. The Court refers the reader to the Report and Recommendation's summary of the facts and law, and does not repeat them here. As explained briefly below, the Court accepts the Report and Recommendation and dismisses the petition.

Petitioner has interposed an objection to the Report and Recommendation (Dkt. No. 19). On *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), the Court adopts Magistrate Judge Baxter's treatment of petitioner's objections concerning the prosecutor's comments during summation. Also on *de novo* review, the Court adopts Magistrate Judge Baxter's treatment of petitioner's claim that he received ineffective assistance of counsel.

The Court notes that in his objection to the Report and Recommendation, in support of his assertion that his attorney was ineffective because he did not "fully bring out all the facts that involved Petitioner's Warrantless arrest," petitioner attaches an affidavit from his mother, Viola Kinsey, dated May 19, 2011, which was not before the magistrate judge. There is no reason why petitioner's mother's affidavit – which concerns the events at her house on August 30, 1994 – could not have been presented to Magistrate Judge Baxter in the first instance. Thus, this Court declines to consider it. *See Grand River Enters. Six Nations, Ltd. v. King*, 2009 WL 1360686, *3 (S.D.N.Y. 2009). In any event, even if the Court were to consider the affidavit from petitioner's mother, petitioner would not be entitled to relief. Petitioner submits the affidavit to support his argument that, if his attorney had provided effective representation, he would have used petitioner's mother's evidence to establish that petitioner was illegally arrested at his mother's house and thus to obtain the exclusion of much of the evidence against petitioner. Although counsel is not obligated to advance every possible nonfrivolous argument, a *habeas* petitioner

may show a constitutionally inadequate performance by showing that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Petitioner fails to make such a showing here. At the combined *Huntley* and *Wade* hearing[1] held in Onondaga County Court (Dkt. No. 10-4, pp. 19-336), petitioner's attorney exercised reasonable professional judgment in pursuing significant issues. In particular, he sought to suppress petitioner's confession on the grounds that it was involuntary and was obtained after petitioner invoked his right to counsel. He also conducted competent cross-examination regarding the identification procedures. Far from being a "significant and obvious" issue, the Fourth Amendment issue that plaintiff now raises, "viewed as of the time of counsel's conduct," *Strickland v. Washington*, 466 U.S. 668, 690 (1984), is frivolous and lacks merit. At the *Huntley/Wade* hearing, both petitioner and his mother, as well as Sgt. Patrick M. Lynch, testified that Sgt. Lynch and other officers came to petitioner's mother's house, that Sgt. Lynch spoke to petitioner and his mother, and that petitioner voluntarily agreed to accompany Sgt. Lynch downtown for questioning. (Hearing Transcript, Dkt. No. 10-4, pp.171, 198, 265, 277, 292, 298-99). The hearing court held that petitioner voluntarily agreed to go downtown with Sgt. Lynch. (Decision/Order, Mulroy, J., Onondaga County Court, May 3, 1995, Dkt. No. 10-4, p. 351). At trial, (Dkt. No. 10-7, pp. 68-75), on cross-examination by defense counsel, Sgt. Lynch's description of the events at petitioner's mother's house was consistent with the evidence at the *Huntley* hearing. Neither petitioner nor his mother testified at the trial. Indeed, at no time prior to the instant objection to the Report and Recommendation did petitioner or any other witness assert that petitioner did not voluntarily agree to accompany Sgt.

---

[1] *People v. Huntley*, 15 N.Y.2d 72 (1965); *United States v. Wade*, 388 U.S. 218 (1967).

Lynch downtown. Under these circumstances, petitioner's counsel cannot be faulted for deciding not to pursue the Fourth Amendment issue regarding the events at petitioner's mother's house. Instead, he focused on significant issues concerning the identification evidence and the voluntariness of petitioner's confession. The Court agrees with Magistrate Judge Baxter that petitioner received effective representation.

Petitioner also asserts a claim of actual innocence. Essentially, he argues that, if most of the evidence against him had been excluded, there would be no case against him. Of course, this is not a claim that he is innocent but rather a claim that he would have been acquitted. In any event, actual innocence "is not itself a constitutional claim." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If, on the other hand, this claim is read as a Fourth Amendment claim – that is, a claim that the evidence admitted against him should have been excluded – it is not cognizable in this *habeas* proceeding. The law is clear that "once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim [in state court] (whether or not he or she took advantage of the state's procedure) ... the claim will never present a valid basis for federal habeas relief." *Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002); *accord Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted)). Here, petitioner clearly had that opportunity.

The other issues raised by petitioner lack merit. On *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), the Court accepts the Report and Recommendation and dismisses the petition. Petitioner has failed to make a substantial showing of the denial of a constitutional right;

accordingly, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

It is therefore

ORDERED that the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter (Dkt. No. 17) is hereby accepted in its entirety; and it is further

ORDERED that the petition is dismissed; and it is further

ORDERED that no certificate of appealability is issued.

IT IS SO ORDERED.

Date:   June 16, 2011
         Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge